UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| UNITED STATES,<br><br>    Plaintiff,<br><br>    v.<br><br>KYLE EUGENE GODDARD,<br><br>    Defendant. | Case No. 2:16-cr-00199-BLW<br><br>MEMORANDUM DECISION AND ORDER |

## INTRODUCTION

Before the Court is Defendant Kyle Goddard's unopposed Motion for a *Nunc Pro Tunc* Order for a Concurrent Sentence (Dkt. 38). For the reasons explained below, the Court will grant the motion to the extent defendant is seeking a statement of intention from this Court, which Goddard may use to support a request for a *nunc pro tunc* designation from the Bureau of Prisons (BOP).

## BACKGROUND

Mr. Goddard is a federal inmate at FCI Sheridan, Oregon. He is serving a 15-month sentence this Court imposed in August 2016. At the time of his federal offense for theft and possession of a stolen firearm, Mr. Goddard was on state probation for stealing DVDs from Walmart. After this Court imposed its sentence, a state court sentenced Mr. Goddard to one year of imprisonment for the DVD theft, though it stated that its sentence should run concurrently with the federal sentence this Court previously

imposed.

But after Mr. Goddard was sentenced by the state court, he did not go to federal prison; he instead went to state prison and served his state sentence. Upon completing his state sentence, Mr. Goddard was transferred to federal custody, but because this Court's judgment is silent as to whether it should run concurrently with the state sentence, BOP has calculated a consecutive sentence. Thus, the defendant is now slated to serve a sentence that he did not expect, that defense counsel did not anticipate, and that neither the state or federal sentencing judges intended. Given these circumstances, Mr. Goddard asks the Court to enter a *nunc pro tunc* order for concurrent service.

## DISCUSSION

District courts may order a federal sentence to run concurrently with an anticipated state sentence. *See* 18 U.S.C. § 3584; S*etser v. United States*, 132 S. Ct. 1463, 1473 (2012); *United States v. Montes-Ruiz*, 745 F.3d 1286 (9th Cir. 2014) (federal sentencing court has the authority to "resolve the concurrent/consecutive issue for a state sentence whether the sentence has already been imposed or is merely anticipated."). But in this case, no such request was made so the judgment does not say anything about a state sentence. And the Court cannot amend its judgment after the fact because federal district courts are prohibited from modifying a term of imprisonment after it has been imposed. *See* 18 U.S.C. § 3582(c). Although there are exceptions to that rule, none apply here. So to the extent defendant is asking this Court to amend its judgment, the Court will reluctantly deny the motion. It has no authority to grant that request.

But there is still a way to reach the correct result. The Bureau of Prisons could remedy the situation by entering a *nunc pro tunc* designation as to the place of imprisonment. Under 18 U.S.C. § 3621(b), the Bureau of Prisons designates the place of imprisonment, and in this case, it may choose to designate a state prison as the place where Mr. Goddard will be incarcerated to serve his federal sentence. *See* 18 U.S.C. § 3621(b); *Dept. of Justice, BOP, Program Statement 5160.05: Designation of State Institution for Service of Federal Sentence ("BOP Program Statement")*, ¶ 9(b)(4). Further, BOP may make this designation *nunc pro tunc,* effectively resulting in a concurrent sentence. *See id.; Barden v. Keohane*, 921 F.2d 476 (3d Cir. 1990) ("Barden's state incarceration can be credited against his federal sentence if the Bureau, *nunc pro tunc*, designates Rockview [a state institution] as the facility where Barden served a portion of his federal sentence.").

Under these authorities, the correct procedure is for Mr. Goddard to seek a *nunc pro tunc* designation from BOP. In deciding whether to grant such a request, BOP's Program Statement indicates that the administrator handling the request will send a letter to the sentencing court inquiring whether the court objects to concurrent service. *BOP Program Statement* ¶ 9(c). Anticipating that BOP may send such a letter to this Court, the Court states its position here:

> The Court has no objection to Goddard receiving prior-custody credit for the time he spent in state custody as a result of the sentence handed down in *Idaho v Goddard*, Case No. CR-2016-4679, First Judicial District, State of Idaho, County of Kootenai. If the Court had been asked to do so, it would have ordered that the sentence in this case run concurrently with the anticipated sentence in that state case. Accordingly, if Goddard requests a *nunc pro tunc* designation, the Court recommends that BOP grant such a

request, thereby crediting Goddard with the time he spent in state prison toward his federal sentence.

## ORDER

**IT IS ORDERED that** Defendant's motion (Dkt. 38), construed as a request for a statement of intention from this Court, is **GRANTED.**

DATED: April 24, 2018

_____
B. Lynn Winmill
Chief U.S. District Court Judge